IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOSEPH DWIGHT LAWSON,                )
                                     )
       Plaintiff,                    )
                                     )
v.                                   )     1:21CV433
                                     )
THE STATE OF NORTH CAROLINA, et. al.,)
                                     )
       Defendant(s).                 )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Joseph Dwight Lawson, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names the State of North Carolina, the Stokes County Sheriff's Department, Officer Dennis Brown of that Department, Judge Angela Puckett, and District Attorney Quinton Harris as Defendants in the case. Plaintiff alleges that, after he shot and killed his son-in-law in self defense, Defendant Brown investigated the case and arrested him for murder. Plaintiff was then held in jail until he pled guilty to manslaughter. Plaintiff seeks to sue Defendant Brown and the Stokes County Sheriff's Office for his arrest and their part in his conviction and to sue the State of North Carolina, Judge Puckett, and Defendant Harris for his prosecution and conviction.[1] Plaintiff seeks millions of dollars in damages.

---

[1] Plaintiff also alleges a number of other misdeeds by the Stokes County Sheriff's Department, most of which do not appear to relate to him, but instead involve other persons. He does not appear to seek to raise claims based on these allegations, but to the extent he may, he cannot raise claims on behalf of others.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

---

[2]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks

2

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity); cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

For the reasons that follow, the Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it fails to state a claim on which relief may be granted and because it seeks monetary damages from defendants with immunity from such relief.

As an initial matter, the Court notes that Plaintiff's entire Complaint is an attempt to undermine his conviction for manslaughter. As the Court informed Plaintiff previously, Plaintiff may not do so without first showing that such conviction was reversed on direct appeal, expunged by Executive Order, declared invalid by a state tribunal, or, finally, called

---

omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

into question by a federal court through the issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994). Plaintiff fails to do so and, in fact, admits in the Complaint that his case is still on appeal in the North Carolina courts.[3] Therefore, dismissal of the entire Complaint is proper for this reason alone.

Next, Plaintiff also names the State of North Carolina as a Defendant. Neither the State nor it agencies are "persons" subject to suit under § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Further, the Eleventh Amendment to the United States Constitution prevents an award of damages against the State or any of its representatives acting in their official capacity, with any relief being limited to a prospective injunction to remedy an ongoing violation of federal law. McBurney v. Cuccinelli, 616 F.3d 393, 399 (4th Cir. 2010). The claims against the State of North Carolina should be dismissed for these additional reasons.

Finally, Plaintiff names a judge and a prosecutor as Defendants based on their handling of his criminal case. Judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). Prosecutors also have absolute immunity for their

---

[3] At times, it appears that Plaintiff may intend to have this Court take control of his state criminal case or to use this action as a habeas corpus action challenging his conviction. Neither of these approaches is appropriate. This Court cannot control or rule in state matters. If Plaintiff seeks to bring habeas corpus action in this Court, he must file a separate petition for a writ of habeas corpus under 28 U.S.C. § 2254 after the conclusion of his state case and the exhaustion of all available state court remedies. He may seek the proper forms from the Clerk's Office if he seeks to file under § 2254.

participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Plaintiff's claims against Defendants Puckett and Hines should be dismissed for these additional reasons.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be countenanced, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $20.00. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $20.00.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of September of 2021, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted, as well as for seeking monetary relief against defendants who are immune from such relief.

5

This, the 18th day of August, 2021.

_____
Joe L. Webster
United States Magistrate Judge